Margaret E. Hasselman – CA State Bar No. 228529
Julia Campins – CA State Bar No. 238023
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
mhasselman@lewisfeinberg.com
jcampins@lewisfeinberg.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    vs.<br><br>LONG-TERM DISABILITY PLAN FOR EMPLOYEES OF TILLY & GRAVES, P.C.,<br><br>    Defendant. | Case No. C10-2705 BZ<br><br>**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO PERMIT PLAINTIFF TO PROCEED UNDER FICTITIOUS NAME** |

Pursuant to Civil Local Rule 7-11, Plaintiff hereby moves the Court for administrative relief in the form of an order permitting him to proceed under a fictitious name. Plaintiff, who suffers from AIDS, brings this suit under ERISA[1] to recover benefits under the long-term disability plan ("the Plan") sponsored by his former employer. Plaintiff contends that the Plan's insurer improperly terminated his benefits under the Plan. Applying the standards set forth by the Ninth Circuit, Plaintiff's motion should be granted because (1) no prejudice to Defendant or the public will result from his pseudonymity, and (2) proceeding under his true name would expose Plaintiff to personal embarrassment and stigma due to the necessary disclosure of private information concerning his medical condition, including his AIDS symptoms,

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

medication regimen, and HIV-related cognitive deficits. To date, Plaintiff has maintained confidentiality of his AIDS condition. Only limited family, friends, medical personnel, and insurers are aware of his medical condition.

### 1. Legal Standard.

A party may "preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) ("*Advanced Textile*"). In particular, nondisclosure of a party's identity is permitted where necessary "'to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)). Because a significant stigma attaches to persons with HIV/AIDS, it is necessary to shield Plaintiff's identity to protect him from ridicule or personal embarrassment. Moreover, there is no legitimate public interest in connecting Plaintiff's identity with the confidential medical information that the Court must consider in adjudicating his disability claim.[2]

### 2. Defendant Will Not Be Prejudiced.

Allowing Plaintiff to proceed pseudonymously will not prejudice the opposing party, the Plan. Defendant can ascertain Plaintiff's identity from the complaint, which pleads Plaintiff's claim number for the purpose of allowing Defendant to identify him. (Complaint, ¶ 5.) Therefore, allowing Plaintiff to proceed under a fictitious name will have no effect on Defendant's ability to mount a defense to his benefits claim. *Cf. Advanced Textile*, 214 F.3d at 1072 (noting that defendants might be prejudiced at later stage of litigation by inability to refute individualized allegations by anonymous plaintiffs); *Doe v. Texaco, Inc.*, 2006 WL 2850035, at

---

[2] In *Advanced Textile*, the Ninth Circuit articulated additional factors for courts to consider in cases where "pseudonyms are used to shield the anonymous party from retaliation" by the defendant: the severity of the threatened harm, the reasonableness of the party's fears, and the party's vulnerability to retaliation. *Advanced Textile*, 214 F.3d at 1068. These factors are not relevant here, because Plaintiff does not assert a threat of retaliation by Defendant. *Cf. id.* at 1062. However, if these factors did apply, they would support Plaintiff's request, because, as set forth below, the threatened harm is severe, Plaintiff's fears are reasonable, and Plaintiff is vulnerable to ridicule and personal embarrassment.

*6 (N.D. Cal. 2006) (same).  Moreover, Defendant will not be prejudiced because this case is a straightforward dispute over the application of contract terms to medical evidence.  This case does not involve an accusation of serious and deliberate wrongdoing filed by an unidentifiable individual.  *Cf. Doe v. Lepley*, 185 F.R.D. 605, 607 (D. Nev. 1999) (holding defendants would be prejudiced by anonymous direct and harsh attacks on their character); *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 141-42 (S.D. Ind. 1996) (same).[3]

Because the Plan knows Plaintiff's identity and the case does not involve an anonymous attack on Defendant's character, the factor of prejudice to the defendant carries no weight in this case.

### 3. The Public Interest Will Be Satisfied Without Disclosure of Plaintiff's Name.

Weighing the public interest factor in *Advanced Textile*, the Ninth Circuit held that "[t]he public's interest in this case can be satisfied without revealing the plaintiffs' identities." 214 F.3d at 1069.  The same is true in this case.  Plaintiff's claim will be decided on medical facts that are extremely personal and private in nature.  For example, the record contains references to Plaintiff's fecal incontinence and cognitive abilities, both the result of his AIDS and medications.  While disclosure of private medical details is necessary for the Court to adjudicate the claim, there is no legitimate public interest in connecting Plaintiff's identity with these medical facts.

As the Fifth Circuit has observed, permitting party anonymity is not necessarily equivalent to denying public access to court proceedings.  *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).  Instead, "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.  The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Id.*  Requiring Plaintiff to proceed under his true name would needlessly expose him to casual

---

[3] Although this action may require evaluation of whether the Plan had a conflict of interest, such an inquiry is not a serious or harsh attack on the character of the Plan or its insurer, but rather an evaluation of facts called for in benefits disputes in which discretion to interpret the plan is vested in the decisionmaker.  *See Metropolitan Life Ins. Co. v. Glenn*, 123 S. Ct. 2343, 2351 (2008).

public viewing of his extremely personal medical information.  *See* Daniel J. Solove, *Access and Aggregation: Public Records, Privacy and the Constitution*, 86 MINN. L. REV. 1137, 1139 (2002) (noting dramatic expansion of electronic access to public records); Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age*, 53 U. KAN. L. REV. 195, 199 (2004) ("Court records are one form of information that can now be collected easily and inexpensively from virtually anywhere.")

Indeed, the public interest will be better served by allowing Plaintiff to proceed anonymously than by requiring him to choose between pursuing his claim and forfeiting his privacy.  *See* Ressler, 53 U. KAN. L. REV. at 198-204, 220 (noting harm to judicial system if plaintiffs forgo claims to preserve privacy due to ready electronic access to court filings). Likewise, the public interest will be better served by permitting Plaintiff to proceed under a pseudonym than by sealing the medical evidence in the case, because sealing will require needless expenditure of Court resources and will prevent similarly situated parties – whether plan participants, plans, or insurers – and courts in similar cases from relying on the Court's application of the Plan terms to the medical facts.

**4.   Special Circumstances Demonstrate Plaintiff's Need for Anonymity in That Disclosure of Plaintiff's AIDS Diagnosis Will Expose Him to Humiliation and Embarrassment and Needlessly Violate His Medical Privacy.**

Plaintiff's concern about the stigma associated with HIV infection is founded in unfortunate societal facts recognized by the courts.  In *Patient v. Corbin*, 37 F. Supp. 2d 433 (E.D. Va. 1998), the court observed as follows:

> [T]he record sufficiently establishes that plaintiff and her husband have a substantial privacy interest in being protected from the general public knowing that plaintiff's husband is HIV positive.  Being HIV positive carries a significant stigma in many parts of today's society.  Given the increase in public access to court docket sheets via electronic means, public disclosure of plaintiff and her husband's identities could subject them to public vilification.  Therefore, proceeding anonymously is appropriate.

*Id.* at 433-34.  Likewise, another court has written as follows in granting leave to proceed under a pseudonym:

> I believe that in modern society one's HIV-positive status, unlike most other medical conditions, is still considered a stigma.  The plaintiff's HIV-positive status cannot be viewed as a common disorder such that disclosure can be viewed as inconsequential.  For these reasons, I believe that the requisite

exceptional circumstances exist which justify a departure from the normal method of proceeding in federal court.

*Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129 (E.D. Wis. 1999) (internal quotation marks and citations omitted); *see Doe v. Dekalb County School Dist.*, 145 F.3d 1441, 1443 n.1 (11th Cir. 1998) (permitting HIV-positive plaintiff to proceed under pseudonym to protect his privacy); *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) ("Individuals who are infected with the HIV virus clearly possess a constitutional right to privacy regarding their condition."). Courts have noted the private nature of information about HIV infection. *Doe v. Dept. of Veterans Affairs of U.S.*, 474 F. Supp. 2d 1100, 1103 (D. Minn. 2007) (calling HIV-positive status "extraordinarily private information"), *aff'd on other grounds*, 519 F.3d 456 (8th Cir. 2008); *Adamczyk v. City of Buffalo*, 1998 WL 89342, at * 1 (W.D.N.Y. Feb. 23, 1998) (calling HIV status "the most intimate of [plaintiff's] private matters").

Moreover, the claim record, upon which this case is based, contains documentation of the details of Plaintiff's cognitive impairments. Among these documents is a medical report in which Plaintiff's neuropsychologist discusses Plaintiff's cognitive deficits and ability to carry out specific tasks activities of daily life. Plaintiff both risks embarrassment and being taken advantage of if these details are made public.

Because Plaintiff's AIDS diagnosis, along with the medical details of his condition, are extremely sensitive private information, Plaintiff should be permitted to proceed under a fictitious name.

**5.    Conclusion.**

For the foregoing reasons, Plaintiff respectfully requests that his motion for administrative relief be granted.

Dated: June 23, 2010

GRANTED
Judge Bernard Zimmerman
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON P.C.

By:    /s/
Julia Campins
Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO PERMIT PLAINTIFF TO PROCEED UNDER FICTITIOUS NAME    PAGE 5